1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Kathleen Ann Nelson,                    )    No. CV-13-2519-PHX-LOA
                                             )
10                        Plaintiff,          )    **ORDER**
                                             )
11   vs.                                      )
                                             )
12   Target Corporation, a foreign           )
     corporation,                            )
13                                            )
                          Defendant.          )
14   _____)

15           This case arises on Plaintiff Kathleen Ann Nelson's Motion Continuing the Case on

16   the Inactive Calendar,[1] filed on April 7, 2014, asserting that, due to her "severely limited

17   mobility," she is "unable to drive more than a few (3-4 miles) [sic] and can only walk short

18   distances," and cannot "defend [her] positions in the amended complaint." (Doc. 14 at 1)

19   Defendant Target Corporation opposes the Motion on several grounds. (Doc. 15) As an

20   accommodation to Plaintiff, however, Target indicates it is amenable to Plaintiff's

21   participation via telephone at the upcoming Rule 16 scheduling conference set for April 18,

22   2014. (*Id.* at 3)

23   **I. Background**

24           This *pro se* tort action was initially filed in the Maricopa County Superior Court on

25   November 15, 2013, nearly five months ago, and then removed to this District Court on

26   December 11, 2013. (Doc. 1)  To date, the Court has not conducted the Rule 16 scheduling

27   _____

28           [1] Unlike the Maricopa County Superior Court, the District Court of Arizona does not
     have an inactive calendar.

1   conference because Plaintiff, who is unrepresented, has moved for its continuance and,

2   according to defense counsel, Plaintiff had not fully cooperated by participating in a Rule

3   26(f) case management conference via in person or by telephone. (Docs. 9, 15)

4          Federal Rule of Civil Procedure 26(f) and the Court's January 22, 2014 Order

5   mandate that the parties "[m]eet and confer, at least **14 days**, before the scheduling

6   conference as required by Rule 26(f), Fed.R.Civ.P." and submit a joint Case Management

7   Report "not less than **five calendar days**," before the Rule 16 scheduling conference. (Doc.

8   8 at 5-7) (emphasis in original).  A Rule 16 scheduling conference was initially scheduled

9   for February 20, 2014, but it was continued to Friday, April 18, 2014 at 10:30 a.m., because

10  Plaintiff filed a continuance motion on February 13, 2014, claiming she received the Court's

11  January 22, 2014 Order on February 12, 2014, which was five days after the February 7,

12  2014 deadline for Plaintiff to file an amended complaint. (Docs. 8, 10-11)  Plaintiff claimed

13  the U.S. Postal Service "misdelivered the packet of orders to a non-resident neighbor" and

14  "Plaintiff is limited in mobility and ability to drive to retain counsel[.]" (Doc. 9) The

15  amended complaint was due on or before Friday, February 7, 2014 to prevent dismissal of

16  this action without prejudice, but it was not filed until March13, 2014 yet the action was not

17  dismissed as the Court credited as true Plaintiff's explanation for the untimely filing.

18  **II. Duty to Prosecute Case**

19         A plaintiff has the general duty to prosecute her case. *See Ponce v. Arpaio*, 2007 WL

20  1077135, at *1 (D. Ariz. April 6, 2007) (citing *Fidelity Philadelphia Trust Co. v. Pioche*

21  *Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978)). Rule 41(b), Fed.R.Civ.P., permits

22  involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the

23  federal procedural] rules or a court order." *See also Link v. Wabash Railroad Co.*, 370 U.S.

24  626, 629-30 (1962) (district court's authority to dismiss for lack of prosecution is necessary

25  to prevent undue delays in the disposition of pending cases and avoid congestion in district

26  court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may

27  dismiss action for failure to comply with any order of the court). "The courts have read this

28  rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal."

1  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citations omitted). "[T]he
2  failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence
3  of a showing of actual prejudice to the defendant from the failure." *Id.* (citations omitted).
4  "The law presumes injury from unreasonable delay." *Id*. A rebuttable presumption of
5  prejudice to defendants arises when there is a failure to prosecute diligently. *In re Eisen*, 31
6  F.3d 1447, 1452-53 (9th Cir. 1994). This presumption may be rebutted where a plaintiff
7  proffers an excuse for delay. *See Lauino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir.
8  2002). A district court has the inherent power to dismiss a case *sua sponte* for lack of
9  prosecution. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v.*
10  *Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link*, 370 U.S. at 630). In *Link*, the
11  Supreme Court recognized that a federal district court has the inherent power to dismiss a
12  case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the
13  Federal Rules of Civil Procedure appears to require a motion from a party. 370 U.S. at 633;
14  *see also Hells Canyon Pres. Council v. U .S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)
15  (district court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of
16  civil procedure or the court's orders). A dismissal pursuant to Rule 41(b) is committed to the
17  sound discretion of the district court. *See Link*, 370 U.S. at 633.

18  **III. Discussion**

19        The Court has been extremely patient and accommodating with *pro se* Plaintiff
20  without any adverse consequence in dealing with multiple issues to date, *e.g.*, her
21  unauthorized practice of law, the real-party-in-interest issue, her filing an untimely amended
22  complaint, and the additional delay in conducting a case management conference.  While
23  complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings
24  drafted by lawyers[,]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must
25  comply with all procedural and local rules. *See McNeil v. United States*, 508 U.S. 106, 113
26  (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be
27  interpreted so as to excuse mistakes by those who proceed without counsel."); *Carter v.*
28  *Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *King v. Atiyeh*, 814

1  F.2d 56, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that

2  govern other litigants."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)

3  (explaining that "we are to give liberal construction to the pleadings of pro se litigants," but

4  that "we nevertheless have required them to conform to procedural rules") (citation omitted);

5  Local Rule ("LRCiv") 83.1(1). A *pro se* litigant's status does not entitle *pro se* litigants to

6  special treatment not given to represented parties, nor does it exempt them from compliance

7  with the Federal Rule of Civil Procedure, Local Rules, or the orders of this Court. *See Brock*

8  *v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988) ("[w]hen a person . . . chooses to

9  represent h[er]self, [s]he should expect no special treatment which prefers h[er] over others

10 who are represented by attorneys."). "There is no authority for the contention that *pro se*

11 litigants are entitled to a more lenient application of substantive law." *Wolfel v. United States*,

12 711 F.2d 66, 67 (6th Cir. 1983). "In fact, it is the very essence of the equal protection

13 guarantee of the Fifth and Fourteenth Amendments that 'once an indigent . . . is brought

14 within the ambit [of the court's power], . . . the protections and procedures required [by law]

15 to be extended to all other litigants may not be conditioned upon his financial means.'" *Id.*

16 (quoting *Lecates v. Justice of the Peace Court No. 4*, 637 F.2d 898, 908 (3rd Cir. 1980)

17 (citations omitted).

18      The Court recognizes that the ruling on the pending motion may be viewed by some

19 as harsh. Nevertheless, Plaintiff voluntarily elected to file this action and represent herself.

20 A federal judge is duty-bound to remain neutral, treat individuals or legal entities fairly,

21 impartially, and equally, regardless of economic status. *See United States v. Petersen*, 2009

22 WL 3428896, at *1 (D. Minn. Oct. 16, 2009) (A federal judge "[i]s duty bound to administer

23 justice in a fair and impartial manner to all parties equally—in short, to serve as a neutral

24 arbiter between the opposing parties.") (citing federal judicial oath at 28 U.S.C. § 453). In

25 *Marshall v. Jerrico, Inc*., 446 U.S. 238, 242 (1980), the Supreme Court recognized that "[the

26 Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil

27 and criminal cases." "This requirement of neutrality in adjudicative proceedings" serves dual

28 interests of equal importance, as "it preserves  both the  appearance and  reality of fairness,

1  generating the feeling, so important to a popular government, that justice has been done, . .

2  . by ensuring that no person will be deprived of h[er] interests in the absence of a proceeding

3  in which [s]he may present h[er] case with assurance that the arbiter is not predisposed to

4  find against h[er]." *Id.* (citations omitted).

5        In the exercise of the Court's wide discretion to control and fairly manage its heavy

6  caseload, Plaintiff's motion will be denied.

7        Based on the foregoing,

8        **IT IS ORDERED** that Plaintiff Kathleen Ann Nelson's Motion Continuing the Case

9  on the Inactive Calendar, doc. 14, is **DENIED**. If Plaintiff fails to appear at the April 18,

10  2014 scheduling conference, either physically or telephonically, this action will be dismissed

11  without prejudice and without further notice for failure to prosecute.

12        On the Court's own motion,

13        If Plaintiff chooses to appear telephonically at the April 18, 2014 scheduling

14  conference, Plaintiff shall notify the Court no later than 12:00 p.m. on April 17, 2014 that she

15  intends to make a telephonic appearance by calling the undersigned's Judicial Assistant at

16  (602) 322-7620.

17        **IT IS FURTHER ORDERED** that Plaintiff Kathleen Ann Nelson may appear at the

18  April 18, 2014 scheduling conference by telephone by promptly calling the Court at (602)

19  322-7620 at 10:30 a.m.

20        Dated this 9th day of April, 2014.

21

22

23                     Lawrence O. Anderson
                   United States Magistrate Judge

24

25

26

27

28

- 5 -