**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kathleen Ann Nelson, | No. CV-13-2519-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. |  |
| Target Corporation, a Minnesota corporation, |  |
| Defendant. |  |

This negligence action arises on the parties' Stipulation/Joint Motion to Extend Discovery Deadlines, which the Court treats as a joint motion. (Doc. 28) The parties claim that they "[a]re actively pursuing discovery at this time[";] "Plaintiff provided Defendant with signed medical authorizations in August 2014 so that Defendant may attempt to secure copies of Plaintiff's medical records and bills[";] and "Plaintiff is similarly diligently attempting to acquire all medical records and bills associated with this incident." (*Id.* at 1) Because diligence to complete discovery has not been demonstrated to modify the firm Rule 16 deadlines, the parties' motion will be denied.

**I. Background**

This action was initially filed in the Maricopa County Superior Court on November 15, 2013, and removed to this District Court on December 11, 2013. (Doc. 1) Plaintiff indicates that, on November 15, 2011, she was shopping at the Target store, located at or near Frank Lloyd Wright Blvd. and State Route 101, in Scottsdale, Arizona, with her 14

year-old granddaughter, K.N.[1] While pushing a Target shopping cart, Plaintiff suddenly and unexpectedly fell to the floor, believing she slipped on a foreign substance which was reported to her as "baby food." (*See* also doc. 11) As a result of the fall to the floor, Plaintiff alleges she sustained "serious injuries and damages" to her right knee for which she sought medical care and treatment the next day. According to Plaintiff, she continues to experience pain, suffering, and incur medical care and treatment to her right knee that she relates to the November 15, 2011 fall at Target. Plaintiff's Amended Complaint alleges that, *inter alia*, Target and its employee's negligently maintained the floor and caused her to slip and fall on a foreign substance and is responsible for her injuries and damages. (*Id.*) Target's Amended Answer denies liability. (Doc. 12)

At the April 21, 2014 scheduling conference and in the Rule 16 case management order, the Court stressed to Plaintiff and defense counsel that the "deadlines in the scheduling order were **real, firm**, and, consistent with the undersigned's responsibilities mandated by Congress in  the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, **will not be altered** except upon a showing of good cause and by leave of the assigned trial judge." (Doc. 21 at 4-5) (emphasis in original; footnote omitted). The scheduling order makes clear that the Rule 16 deadlines are "to be taken seriously," citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). (*Id.*)  Further, Plaintiff and counsel were informed that "[t]he Court intends to enforce the deadlines in this Order. Counsel should plan their litigation activities accordingly." (*Id.*) With this in mind and the active involvement of each side, the Court fashioned mutually agreed-upon deadlines for the fair and reasonably expeditious resolution of this case. The scheduling order mandates deadlines for the disclosure of expert reports or treating physician information, completion of all discovery, and filing dispositive motion(s). (*Id.* at 4)

---

[1] The Court identifies Plaintiff's granddaughter by her initials K.N. to protect her privacy interests. *See* Rule 5.2(a), Fed.R.Civ.P. Plaintiff and counsel must use of the minor's initials in all public filings in this action to protect her privacy interests until further order of the Court.

## II. Good Cause and Rule 16

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id*. at 608; Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "Good cause" means the Rule 16 scheduling deadlines cannot be met despite the party's diligence, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). (*Id.*)

## III. Discussion

The requisite good cause for extending the various deadlines has not been shown by the parties. The docket reflects that not a single deposition has been taken or notice to take a deposition has been filed by either side until mid-July 2014. The deadline to complete all discovery is not until November 28, 2014. This length of time provided in the scheduling order is more than reasonably adequate to complete discovery if diligence had been exercised, beginning in April 2014, with the slightest amount of planning. The parties have not demonstrated that the Rule 16 pretrial schedule "cannot reasonably be met despite diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608. Like the 120 deadline to serve process pursuant to Rule 4(m), to hold that good cause has been shown here "would allow the good cause exception to swallow the rule." *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987). Waiting to the last minute to comply with a case management order does not constitute good cause to extend the order's various deadlines.

Consistent with her lack of diligence and delay before the case management conference, the docket reflects Plaintiff delayed obtaining representation until June 3, 2014. (Doc. 22) The docket does not reflect Plaintiff has engaged in any discovery to date, and no notices regarding service of interrogatories or other written discovery has been filed since April 17, 2014. Defendant has filed five deposition notices to take Plaintiff's deposition in August, reflecting a clear frustration in attempting to take Plaintiff's deposition. (Docs. 23-27) If Plaintiff is continuing her non-cooperation with defense counsel, Defendant must

1 promptly seek an order compelling discovery and an award of attorney's fees, before it is too
2 late to do so. If Plaintiff wilfully fails to comply with a court order compelling discovery, the
3 Court will dismiss this action with prejudice.

4     Accordingly,

5     **IT IS ORDERED** that the parties' joint motion to extend the Rule 16 deadlines, doc.
6 28, is **DENIED**.[2]

7     **IT IS FURTHER ORDERED** that Plaintiff's counsel shall "use proper
8 capitalization," i.e., use proper upper and lower case type to denote the correct spelling of
9 the party names, in all future captions as mandated by LRCiv 7.1(a)(3). Future violations of
10 the Local Rules may result in the striking of the non-conforming motion, brief or other
11 document.

12     **IT IS FURTHER ORDERED** that counsel shall use the above caption, number and
13 initials on all further pleadings, briefings and other filings herein.

14     Dated this 28th day of August, 2014.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

---

[2] The parties' Stipulation refers to the undersigned as "Magistrate." Congress changed the formal title of United States Magistrate to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective December 1, 1990. Section 321 of Pub. L. No. 101-650; § 102, as set out as a note under 28 U.S.C. § 631; *Dixon v. Ylst*, 990 F.2d 478, 480 n. 1 (9th Cir. 1993) ("The title was changed from 'magistrate' to 'magistrate judge.'"); *United States v. Steelwright*, 179 F.Supp. 2d 567, 569 n.3 (D. Md. 2002). A United States magistrate judge is a "federal judge." See, e.g., Rule 1(b)(3), Fed. R. Crim. P. Thus, a magistrate judge may be appropriately called magistrate judge or judge, but not magistrate.

- 4 -